**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RUSSELL BERGER,
ADC #115855                                                                                                           PLAINTIFF

v.                                                      5:11-cv-00171-JLH-JTK

STEVE OUTLAW, et al.                                                                                          DEFENDANTS

**ORDER**

By Order dated July 26, 2011 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The Court specifically noted that Plaintiff's Complaint consists of five different issues/claims against eight different Defendants, and that three of the five claims set forth by Plaintiff fail to state a claim upon which relief may be granted. (Id. at p.3). The Court then directed Plaintiff to file an Amended Complaint with respect to the two remaining allegations: that the ADC website is unconstitutional because it contains information about detainers more than ten years old; and that the ADC publications policy is unconstitutional as applied to publications ordered by Plaintiff. (Id. at p.4.) The Court noted that Plaintiff did not specify what information was posted on the website, how the information rendered him harm, and how the release of the information violated his Constitutional rights. In addition, the Court directed Plaintiff to include more detailed allegations concerning how the Defendants' actions in enforcing the publications policy violated his rights. Id. The Court concluded by instructing Plaintiff to file an Amended Complaint which "shall specifically and clearly" state the following:

> (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the Plaintiff's constitutional rights. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, time and places.

(Id. at p. 5.) Finally, the Court noted that if Plaintiff failed to respond to the Court's Order, his Complaint could be dismissed for failure to prosecute, pursuant to Local Rule 5.5(c)(2).

Plaintiff has filed a Response to that Order, in which he states he does not object to filing an Amended Complaint, "but I do object to not having a clear, concise, and legal order to do so." (Doc. No. 5.) Plaintiff states his Complaint should not be dismissed for failure to prosecute, as such is not a valid reason under 28 U.S.C. § 1915(A)(b). Plaintiff then appears to argue with the Court's conclusion that three of the issues raised in his Original Complaint fail to state a claim upon which relief may be granted, and further states he should be permitted to amend his complaint with respect to those claims. Plaintiff also states a United States Magistrate Judge lacks the legal authority to make final rulings concerning his Complaint, and asks for my recusal, claiming I am biased and incompetent.

As noted earlier, Plaintiff's Original Complaint contains five different claims involving eight different Defendants. Even if Plaintiff is able to amend his claims in such a way that they set forth a cognizable claims, he can not adjudicate those five separate issues in this one Complaint. That is what motivated the Court's previous Order. If Plaintiff wishes to litigate those issues in separate lawsuits, he may do so by filing separate complaints setting forth his claims. However, as originally set forth in the present Complaint, those issues fail to state a claim. The Court is permitting Plaintiff to amend the present Complaint with respect to his latter two claims: the claim concerning the website and the claim concerning the publications policy. The Court clearly and specifically set forth directions in the July 26, 2011 Order on how Plaintiff should amend his Complaint. If Plaintiff chooses to submit an Amended Complaint as directed, the Court will then review his allegations pursuant to 28 U.S.C. § 1915A to determine if they state a claim for relief.

Plaintiff is correct that § 1915A does not authorize dismissal for failure to prosecute. However, if Plaintiff fails to abide by this Court's Orders and does not submit documents as directed, his case may be dismissed for failure to prosecute pursuant to Local Rule 5.5(c)(2). Plaintiff also is correct that I can not issue an Order dismissing his case. However, pursuant to 28 U.S.C. § 636, I can direct him to amend his Complaint and I can issue Findings and Recommendations to United States District Judge J. Leon Holmes concerning disposition of the claims set forth. Plaintiff has no basis or facts on which to ask for my recusal for bias or incompetence, based on a single Order directing him to amend.[1]

The federal rules require the Complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. The plausibility standard is not akin to a "probability

---

[1] A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Federal Exp. Corp., 974 F.2d 982, 985 (8th Cir. 1992).

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

Plaintiff will be provided one final opportunity in which to file an Amended Complaint with respect to his website and publications issues, specifying the actions each of the Defendants took against Plaintiff and how those actions violated Plaintiff's constitutional rights.. Upon receipt of the Amended Complaint, the Court will issue a Recommended Disposition concerning all the original claims set forth.   Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and in the July 26, 2011 Order (Doc. No. 3), within fifteen days of the date of this Order.  Failure to comply with this Order may result in the dismissal without prejudice of Plaintiff's Complaint for failure to prosecute, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 30th day of August, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE