**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RUSSELL BERGER,                                                                                          PLAINTIFF
ADC #115855

v.                                              No. 5:11CV00171 JLH-JTK

STEVE OUTLAW, Deputy Warden,
Maximum Security Unit, Arkansas Department
of Correction, *et al*.                                                                              DEFENDANTS

**OPINION AND ORDER**

Russell Berger is an inmate in the Maximum Security Unit of the Arkansas Department of Correction. He has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Director of the Arkansas Department of Correction, two Deputy Directors, one unknown Assistant Director, and the Deputy Warden of the Maximum Security Unit, alleging five distinct and apparently unrelated claims. Berger has stated that he is withdrawing his fourth claim. The magistrate judge recommended that Berger's first three claims be dismissed but ordered that summons be issued and served as to the fifth claim. Berger objects to the recommendation that the first three claims be dismissed. Upon *de novo* review, the partial recommended disposition is adopted with the following explanation. Document #11.

The Court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

In determining whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). A *pro se* complaint must be liberally construed—however inartfully worded—and "held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quotation omitted).

Berger's first claim is that he presented two envelopes of "legal mail" to Sergeant S. Mathews so that she could examine the contents for contraband and sign the flap for him to seal and place in the outgoing mailbox, but instead she removed the contents and read both of the letters and the exhibits in both envelopes. One envelope was addressed to the Arkansas Claims Commission, and the other was addressed to the ADC Staff Attorney Jeanne Richards. Mathews stated that she did not know whether those were legal mail, and then called her supervisor and read both letters again while on the telephone. After she hung up the telephone, she then signed the flap and allowed the two letters to be mailed. The magistrate judge recommended that this claim be dismissed for failure to state a claim upon which relief can be granted because Berger does not allege that his access to the courts was impeded. Berger contends, however, that his First Amendment rights were violated when Sergeant S. Mathews read his outgoing "legal mail."

Berger is mistaken insofar as he characterizes the two letters as "legal mail" that may not be read by prison officials before being placed in the mail. "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576-77, 94 S. Ct. 2963, 2984-85, 41 L. Ed. 2d 935 (1974)). Berger does not allege that the letters that Sergeant S. Mathews read were letters to his attorney; rather, he alleges that one was a letter to the Arkansas Claims Commission and the other

a letter to an ADC staff attorney. Those were not privileged communications, so the fact that Mathews read them does not violate Berger's constitutional right. *Id.*; *Smith v. Canu*, 2009 WL 2424571, *5 (E.D. Cal. Aug. 6, 2009) ("Legal mail is narrowly defined as mail between a prisoner and his attorney."). Furthermore, a single instance of opening confidential mail without evidence of an improper motive or interference with the inmate's right to counsel or access to the courts does not give rise to a constitutional violation. *Norman v. McConnich*, 2010 WL 545936 (E.D. Ark. Feb. 10, 2010) (citing *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997)). Therefore, Berger's first claim fails to state a claim and must be dismissed.

Berger's second claim is that he was denied equal protection in the winter of 2010-11 because he was not provided with thermal underwear when other inmates were. He was told that the institution did not have the size that he needed, and the size he needed had been ordered. In February, he was called to the laundry and issued thermal underwear. The magistrate judge recommended that this claim be dismissed because Berger did not allege that he was treated differently from similarly situated inmates, citing *City of Cleburne Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). Berger does not allege that he was treated differently because of his race, sex, or religion; nor does he allege that he was subjected to invidious discrimination based upon any improper classification. His only allegation as to the reason why he did not receive thermal underwear (other than that his size was not in stock) is an allegation that he believes that he was denied thermal underwear in retaliation for a lawsuit that settled in 2009. The Court takes judicial notice of the fact that Berger settled a case styled *Berger v. Bell*, E.D. Ark., No. 2:08CV00057-JMM, in 2009. The correctional officer whom he blames for failing to order his thermal underwear, however, was not a party to that action, so there is no factual basis for the conclusory allegation that he was denied thermal underwear in retaliation for settling

that lawsuit.

Berger's third claim is that the policy of the Arkansas Department of Correction in limiting inmates to five personal photographs is unconstitutional. The magistrate judge recommended dismissing that claim based on the decision of the Eighth Circuit in *Davis v. Norris*, 86 Fed. Appx. 220 (8th Cir. 2004), affirming a decision from this Court holding that the policy of the Arkansas Department of Correction limiting inmates to five personal photographs does not violate an inmate's First Amendment rights. This Court has also upheld a policy of the Pulaski County Detention Center limiting inmates to three personal photographs. *Gates v. Holladay*, 2010 WL 2773254 (E.D. Ark. July 9, 2010); *see also Jones v. Holladay*, 2010 WL 1052912 (E.D. Ark. Mar. 5, 2010) (upholding a new rule of the Pulaski County Detention Center prohibiting receipt of personal photographs in the mail). Although Berger alleges that the policy also violates the Fifth Amendment and the equal protection clause of the Fourteenth Amendment, the effect of the decision in *Davis v. Norris* is to conclude that the policy of the Arkansas Department of Correction serves a legitimate penological objective, so Berger could not prevail regardless of which constitutional provision he cites in support of his argument that the policy is unconstitutional.

For the reasons stated, Berger's first four claims are dismissed for failure to state a claim. The magistrate judge has already ordered service of the defendants with respect to Berger's fifth claim, and the docket reflects that the summons has been issued and those defendants have been served. Therefore, the Court will not address the fifth claim for relief.

IT IS SO ORDERED this 1st day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE