# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RUSSELL BERGER,                                                                                   PLAINTIFF
ADC #115855

v.                                             5:11-cv-00171-JLH-JTK

STEVE OUTLAW, et al.                                                                          DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 25). Defendants filed a Response in opposition to the Motion (Doc. No. 29).

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations by the Defendants (Doc. No. 2). By Order dated November 1, 2011, the Court narrowed the allegations of Plaintiff's Complaint to his claim that Defendants confiscated certain publications from him in violation of his First Amendment rights (Doc. No. 18).

In the present Motion, Plaintiff complains about Defendants' objections to five requests for production of documents. The Court will address each of these requests as follows:

1)      Plaintiff's request for a list of books reviewed by the ADC and the status of those books, concerning Plaintiff. Plaintiff states this request is relevant to showing a pattern of abuse by the Defendants with respect to Plaintiff. Defendants object as not relevant to the issue raised by Plaintiff, that AR864 and AD09-44 (ADC policies and procedures) are unconstitutional as applied to the three books listed in his Complaint.

In Plaintiff's Complaint, he alleges that the two policies mentioned above are constitutionally invalid, as applied to reject the three books mentioned in his Complaint. Plaintiff does not allege

a pattern or practice of abuse by Defendants as directed to Plaintiff. Therefore, the Court finds that Plaintiff's request is not relevant to the issues raised in his Complaint.

2) Plaintiff's request for a list of all books currently on inventory in the Maximum Security library. Plaintiff states this is relevant and easily obtainable. He states the list will show that Defendants promote, through the library, books with heterosexual sexual content but no books with homosexual content. Defendants object as irrelevant.

The Court finds persuasive Plaintiff's argument that the requested list is relevant to his claim that the policies are unconstitutional as applied to his particular requests for books. He also states that the list is easily obtainable, and Defendants do not dispute this assertion or object on that basis. Therefore, the Court finds that Plaintiff's Motion should be granted with respect to this request.

3) Plaintiff's request for a copy of the books that were rejected. Defendants object on the basis that they previously prohibited Plaintiff from possessing those books, and state they will preserve the books for in camera review or for any future court proceeding.

The Court agrees with the Defendants and finds that this request should be denied.

4) Plaintiff's request for a description of the offending text and other relevant material in the rejected books. Defendants state that they have provided some of this information through the attachments to the discovery requests.

The Court has reviewed the attachments provided by the Defendants, which include the Publications Committee decisions and memos they sent to Plaintiff, together with Plaintiff's grievances and responses. The Court finds that these documents satisfy Plaintiff's requests.

5) Plaintiff's request for a list of all books reviewed by the Defendants in the past year. Plaintiff has modified this request in his present motion to apply to books reviewed by the Defendants in the past year at the Maximum Security Unit. Defendants object as not relevant to the

issues raised in his Complaint.

The Court again agrees with the Defendants, for the reasons set forth with respect to Plaintiff's first request, above. The issues raised in Plaintiff's Complaint relate to the application of the policies to the three books named in his Complaint, and do not include allegations of a pattern of unconstitutionality. Therefore, the Court will deny this request. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 25) is GRANTED in part, with respect to his request for a list of the books in the Maximum Security Unit library, and DENIED in all other respects.

Defendants are directed to forward to Plaintiff a copy of his request within ten days of the date of this Order.

IT IS SO ORDERED this 27th day of January, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE