**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RUSSELL BERGER,                                                                                          PLAINTIFF
ADC #115855

v.                                              5:11-cv-00171-JLH-JTK

STEVE OUTLAW, et al.                                                                              DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motions for Hearing and for Recusal (Doc. Nos. 33, 34).  Defendants filed a Response in opposition to Plaintiff's Motion for Hearing (Doc. No. 35).

1.     Motion for Hearing - In this Motion, Plaintiff asks the Court to schedule a hearing, meeting, or deposition, at which time he be provided the opportunity to inspect and read the three books at issue in this case.  Defendants object, noting that the Court denied Plaintiff's Motion to Compel those three books for his review and inspection, by Order dated January 27, 2012 (Doc. No. 30).

The Court agrees with the Defendants and finds that Plaintiff's Motion should be denied, since the issue in this case centers on whether Plaintiff should be permitted to possess the confiscated books.

2.     Motion for Recusal - In this Motion, Plaintiff objects to any decisions and orders rendered in this action by a United States Magistrate Judge, stating that he never agreed to a Magistrate's involvement in this case and wishes to have all further issues in this case decided by a United States District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States District Judge may designate a magistrate judge to "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, ... to dismiss for failure to state a claim upon which relief can be granted and to involuntarily dismiss an action." This statute therefore authorizes Me to determine the pretrial matters in this case, and to issue Proposed Findings and Recommendations with respect to motions for preliminary injunctive relief, to dismiss, and for summary judgment. While a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" [28 U.S.C. § 455(a)], Plaintiff does not allege that I have acted impartially or inappropriately in this action. "The question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Federal Exp. Corp., 974 F.2d 982, 985 (8th Cir. 1992).

Therefore, absent allegations or evidence of impartiality or impropriety on my part, I will deny Plaintiff's Motion to Recuse.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Hearing (Doc. No. 33) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Recusal (Doc. No. 34) is DENIED.

IT IS SO ORDERED this 15th day of February, 2012.

_____
JEROME T. KEARNEY
UNITED STATE MAGISTRATE JUDGE